IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TDC, LLC<br>　　　　Plaintiff<br><br>v.<br><br>M/T STOLT FACTO, her engines, tackle, boilers, etc., *in rem*, and STOLT TANKERS B.V., STOLT NIELSON TRANSPORTATION, GROUP, INC., STOLT-NIELSEN USA, INC. AND GULF STOLT SHIP-MANAGEMENT JLT, *in personam*<br>　　　　Defendants | No. 4:12-cv-_____<br><br>ADMIRALTY |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, TDC, LLC, complaining of the above named vessel and defendants, alleges upon information and belief:

### Jurisdiction and Venue

I.

This is an admiralty or maritime claim within the meaning of FED. R. CIV. P. 9(h), 28 U.S. Code § 1333, and 9 U.S.C. § 8.  Venue is proper in this district and division because the cargo in question was loaded aboard the vessel in Houston, Texas.

### Parties

II.

At and during all the times hereinafter mentioned, plaintiff TDC, LLC was a limited liability corporation with its principal place of business in Ruston, Louisiana.

Defendant, M/V STOLT FACTO, was at all material times a chemical/products tanker sailing under the Cayman Islands flag. The vessel was built in 2010, and its gross tonnage is 23,964 tons. Its official number is 740764.

Defendant, STOLT TANKERS B.V., was and now is a foreign corporation or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which may be served through its local agent, Stolt-Nielsen Transportation Group, Inc., 15635 Jacintoport Blvd., Houston, Texas 77015.

Defendant, STOLT-NIELSEN TRANSPORTATION GROUP, INC., was and now is a foreign corporation or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which may be served through a corporate officer at 15635 Jacintoport Blvd., Houston, Texas 77015.

Defendant, STOLT-NIELSEN USA INC., was and now is a foreign corporation or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which may be served through its local agent, Stolt-Nielsen Transportation Group, Inc., 15635 Jacintoport Blvd., Houston, Texas 77015.

Defendant, GULF STOLT SHIPMANAGEMENT JLT, was and now is a foreign corporation or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which may be served through its local agent, Stolt-Nielsen Transportation Group, Inc. 15635 Jacintoport Blvd., Houston, Texas 77015.

III.

At and during all the times hereinafter mentioned, defendants were and now are engaged in business as carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the above named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

Facts

IV.

On or about March 20, 2011, at the port of Houston, Texas, there was delivered to the vessel and defendants, in good order and condition, a shipment of approximately 1,590 metric tons of sodium hydrosulfide, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of Callao, Peru.

V.

Thereafter, the vessel arrived at the port of destination, where the cargo was delivered short and/or otherwise damaged due to the unseaworthiness of the vessel and/or negligence of the defendants. The receiver rejected the cargo. Eventually the ship returned to Houston, and the cargo was discharged, stored, and evaluated, all at significant expense. Ultimately, it was determined that the cargo had no salvage value and it was disposed of as waste.

Causes of Action

VI.

By reason of the premises, the above named vessel and defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

VII.

Plaintiff was the shipper, consignee or owner of the shipment as described above, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

VIII.

Plaintiff has duly performed all duties and obligations on its part to be performed.

IX.

By reason of the premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the presently estimated amount of $3,638,949.64.

X.

Plaintiff further alleges, in the alternative and without waiving the above cause of action, that defendants were bailees to the plaintiffs cargo described above upon the cargo's delivery to the vessel.  The bailment for mutual benefit between the plaintiff/cargo owner and the defendants was made express by the bills of lading, or, alternatively, was an implied contract. The defendants delivered the cargo in a damaged condition which did not exist at the time of the plaintiffs/bailor's delivery to the bailee. The defendants breached their duties and obligations as bailees and were negligent.

XI.

As a result of the above breach and negligence, defendants proximately caused plaintiffs property to be damaged, thus causing plaintiff to suffer damages presently estimated in the amount of $3,638,949.64.

XII.

All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff prays:

1. That summons in due form of law issue against defendants;

2. That a judgment be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages aforesaid, together with interest and costs and the disbursements of this action;

3. That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction issue against said motor vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid, and this Court to pronounce a judgment in favor of plaintiff for its said damages, together with interest, costs and disbursements, and the said motor vessel be condemned and sold to pay therefor; and

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*[signature]*

F. WILLIAM MAHLEY
State Bar No. 12836740
S.D. Tex. I.D. No. 2863
1401 McKinney Street, Suite 2200
Houston, Texas 77010-4035
713.951.5600/713.951.5660 (Facsimile)

OF COUNSEL:
STRASBURGER & PRICE, LLP

ATTORNEY-IN-CHARGE FOR TDC, LLC