IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TDC, LLC | § | |
| | § | |
| v. | § | |
| | § | |
| M/T STOLT FACTO, her engines, tackle, | § | CA. NO. 4:12-cv-01408 |
| boilers, etc., *in rem*, and STOLT | § | (ADMIRALTY) |
| TANKERS B.V., STOLT NIELSON | § | |
| TRANSPORTATION GROUP, INC., | § | |
| STOLT-NIELSEN USA, INC. AND | § | |
| GULF STOLT SHIPMANAGEMENT | § | |
| JLT, *in personam* | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Stolt Tankers B.V., Stolt Nielsen Transportation Group, Inc., Stolt-Nielsen USA, Inc., and Gulf Stolt Shipmanagement JLT ("Defendants") and file this Answer to Plaintiff's Verified Complaint, and would respectfully show the following:

### FIRST DEFENSE

Defendants invoke all defenses available under Rule 12(b) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Defendants reserve any and all rights it may have in any choice of forum and/or choice of law clauses that may exist under any applicable bill(s) of lading, charter party(s), and/or other contract(s) of carriage, which would give it the right to ask this Honorable Court to either stay, dismiss, or transfer this proceeding in favor of a foreign forum or tribunal.

### THIRD DEFENSE

Pursuant to the Federal Arbitration Act, the Convention on Enforcement of Foreign Arbitration Awards, and/or other applicable law, Defendants reserve any rights they may have to

arbitrate this dispute as agreed to by any charter party(s), bill(s) of lading, and/or other contract(s).

## FOURTH DEFENSE

Defendants answer the specific allegations of Plaintiff's Verified Complaint in similarly numbered paragraphs as follows:

1.      Defendants admit that this matter is an admiralty or maritime claim, and that this Court is vested with admiralty jurisdiction, as alleged in Paragraph I of Plaintiff's Verified Complaint, and that venue is proper in this District.

2.      Defendants deny the allegations concerning Plaintiff in Paragraph II for lack of sufficient information to form a belief as to their truth.  The allegations are denied as to the M/T STOLT FACTO, Stolt Tankers, B.V., Stolt-Nielsen Transportation Group, Inc., Stolt-Nielsen USA, Inc., and Gulf Stolt Shipmanagement JLT except to the extent of the description of the M/T STOLT FACTO and that the other Defendants are business entities existing under law.

3.      Defendants deny the allegations contained in Paragraph III except to the extent that Gulf Stolt Shipmanagement JLT were the Managers of the M/T STOLT FACTO.

4.      Defendants deny the allegations contained in Paragraph IV except to the extent that a parcel of sodium hydrosulfide was delivered to the M/T STOLT FACTO.

5.      Defendants deny the allegations contained in Paragraph V except to the extent that the cargo was rejected and returned to Houston.

6.      Defendants deny the allegations contained in Paragraph VI.

7.      Defendants deny the allegations in Paragraph VII for lack of sufficient information to form a belief as to their truth.

8.      Defendants deny the allegations in Paragraph VIII for lack of sufficient information to form a belief as to their truth.

9.      Defendants deny the allegations contained in Paragraph IX.

10.     Defendants deny the allegations contained in Paragraph X.

11.     Defendants deny the allegations contained in Paragraph XI.

12.     Defendants admit the Court's maritime jurisdiction but deny that the premises of the Complaint are true.

**FIFTH DEFENSE**

For further answer, if such be necessary, Defendants invoke all of the rights and immunities granted to it under all applicable bills of lading, charter parties, contracts, and any other applicable law, including, but not limited to, the United States Carriage of Goods by Sea Act, applicable statutory equivalent, and/or the general maritime law, none of which are deemed to be waived.

**SIXTH DEFENSE**

For further answer, if such be necessary, if any damages have been sustained by Plaintiff, which is not admitted but specifically denied, then such damages were caused by the fault of third parties for whom Defendants are not legally responsible.

**SEVENTH DEFENSE**

For further answer, if any be necessary, Plaintiff failed to mitigate its damages, if any.

**EIGHTH DEFENSE**

For further answer, if any be necessary, Plaintiff's alleged damages, if any, were caused by an inherent defect, quality, or vice of the subject cargo.

**NINTH DEFENSE**

For further answer, if any be necessary, if the cargo mentioned in Plaintiff's Verified Complaint sustained any loss or damages, which is specifically denied, then such loss or damage occurred as the sole result of perils, dangers, and accidents of the sea or other navigable waters,

or act, neglect, or default of the master, mariner, pilot or the servants of the carrier in the navigation or in the management of the ship.

WHEREFORE, PREMISES CONSIDERED, Defendants Stolt Tankers B.V., Stolt Nielsen Transportation Group, Inc., Stolt-Nielsen USA, Inc., and Gulf Stolt Shipmanagement JLT pray that Plaintiff's claims be dismissed or, in the alternative, that upon final hearing thereof, judgment be entered that Plaintiff take nothing by its suit and that Defendants be awarded their costs incurred in defense of this action; plus awarding of attorney's fees related hereto; and, for all other and further relief, both in law and in equity, as to which Defendants may be justly entitled.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
S.D. TX. Adm. ID No. 4172
Mary Holmesly
State Bar No. 24057907
S.D. TX. Adm. ID No. 890192
The Niels Esperson Building
808 Travis, Suite 1300
Houston, TX  77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax

*Attorneys for Defendants, Stolt Tankers B.V., Stolt Nielsen Transportation Group, Inc., Stolt-Nielsen USA, Inc., and Gulf Stolt Shipmanagement JLT*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing instrument to all counsel of record via the Electronic Case Filing System on this the 27th day of September, 2012.

William A. Durham